REQUESTED BY: Dear Senator:
In a letter dated April 12, 1977, you asked this office whether or not an amendment to LB 64 would guarantee that no person convicted of first degree murder would be able to be paroled or discharged from prison in less than thirty years regardless of the good time provisions, but would at the same time allow the good time provisions to apply to a person convicted who had a lengthy first degree murder sentence. Your amendment provides that a person convicted of first degree murder shall be sentenced:
 "For not less than thirty years nor more than ninety years for each count which must be served consecutively. The laws affecting both eligibility for release on parole and the date when an inmate's discharge from custody of the state becomes mandatory pursuant to sections 83-1,107
and 83-1,107.01 shall not apply to reduce the sentence of a person convicted of first degree murder to less than thirty years, but shall otherwise be applicable."
We believe that this proposed amendment would guarantee, subject to the power of the Pardon Board to commute sentences, that no person convicted of first degree murder would be paroled or discharged from prison in less than thirty years regardless of the good time provisions, but would at the same time allow the good time provisions to apply to a person once he had completed the thirty year sentence.
In order to make this amendment and its effect more clear, the following hypotheticals are used. The first hypothetical involves a situation in which a first degree murderer was sentenced to a flat term of thirty years. Under your amendments that person could not be paroled or discharged because of the application of the good time laws before he had served thirty years. Of course, since the sentence was for thirty years he would be discharged at the completion of that period of time.
A second hypothetical involves a situation where an individual is convicted of first degree murder and is given an indeterminate sentence of thirty to ninety years. In that situation, again, the person convicted could not be paroled or discharged prior to the expiration of his thirty year minimum sentence. However, because of the application of the good time laws, he would on the day after the expiration of his thirty year minimum be eligible for parole. This is assuming that he did not forfeit any of the good time awarded to him. That same person would be eligible for mandatory discharge, assuming that he did not forfeit any of his good time or faithful performance good time, after serving approximately forty-five years of his sentence.
Another hypothetical involves a situation where an offender is sentenced to a flat term of fifty years. Again, the person so convicted would not be eligible for parole or discharge prior to the completion of the minimum thirty year term. He would, however, even though his sentence was for a flat term of fifty years be eligible for mandatory discharge upon completion of the thirty year minimum that is provided for in your amendments. This result is so because of the application of sections 83-1,107, and 83-1,107.01
wherein good time and faithful performance deductions are to be deducted from an offender's maximum term, which in this case would be the flat term of fifty years, to determine mandatory discharge date. Under present statutes this mandatory discharge date would have ordinarily occurred after serving slightly more than half of the fifty year sentence. However, under your amendment he cannot be released before the expiration of a thirty year period and so at the expiration of that thirty year period since he would have ordinarily been entitled to a mandatory discharge, he would then be discharged.
It is hoped that the hypotheticals above help to demonstrate the effect of your amendments. We again reiterate that your amendments as contained in the April 12, 1977, letter would guarantee that a person convicted of first degree murder would serve thirty years regardless of the good time provision in effect, but would at the same time allow the provisions of those good time laws to otherwise apply to a person convicted of first degree murder.